[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12729
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-00040-JRK

DERRICK L. HARRIS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 30, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Derrick L. Harris appeals the district court's order affirming the Commissioner's denial of his application for Supplemental Security Insurance (SSI) benefits.  The Administrative Law Judge (ALJ) concluded Harris did not meet the requirements of Listing 12.05 for mental retardation based on his level of adaptive functioning and his second set of IQ test scores.   The ALJ determined Harris functioned at an intellectual level that was higher than a mentally retarded individual, and found he was not disabled for purposes of eligibility for benefits under the Social Security Act.  After review, we affirm.[1]

Eligibility for disability insurance benefits requires that the claimant is under a disability.  42 U.S.C. § 423(a)(1)(E).  To determine whether a claimant is disabled, the Social Security Administration (SSA) applies a 5-step sequential evaluation.  20 C.F.R. § 404.1520(a).  The third step requires an analysis of whether the claimant has such an impairment that meets or equals a Listing and meets the duration requirements.  20 C.F.R. § 404.1520(a)(4).  If the claimant satisfies one of the listed impairments under the third step, then he is considered disabled, and analysis does not continue on to the latter considerations.  *McDaniel*

---

[1]  In a Social Security appeal, we must determine whether the ALJ's decision is supported by substantial evidence and based upon proper legal standards.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  So long as the decision is supported by substantial evidence, we must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

*v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  The claimant has the burden of proving his impairment meets or equals a listed impairment.  *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).

To be considered for disability benefits under Listing 12.05, a claimant must at least "(1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22."  *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  A valid IQ score need not be conclusive of mental retardation where the IQ score is inconsistent with the other evidence regarding the claimant's daily activities and behavior.  *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

Harris has not met his burden of proving he satisfies the requirements of Listing 12.05.  *See Barron*, 924 F.2d at 119.  While Harris argues his IQ scores satisfied Listing 12.05, the ALJ was permitted to rely on evidence of his adaptive skills to conclude he was not mentally retarded.  *See Lowery*, 979 F.2d at 837. Evidence shows that both psychologists who administered the WAIS-III concluded Harris's intellectual ability fell at, or above, the borderline range. Moreover, Harris had worked as a prep cook, dishwasher, food server, furniture deliverer, and truck driver, and he did not have any documented work problems

3

attributed to his mental impairment.  Thus, substantial evidence supports the

ALJ's finding that Harris's adaptive skills demonstrated he was not mentally

retarded in spite of a qualifying IQ score.  Accordingly, we affirm.

**AFFIRMED.**